THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GORDON FINK, Appellant.— Application for permission to proceed as a poor person granted, provided appeal has been timely taken. The appeal may be perfected upon one typewritten copy of the record, and six typewritten copies of the brief and appendix. Alexander Foster, Esq., of Richfield Springs, assigned to represent appellant upon this appeal pursuant to section 722 of the County Law. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

(May 25, 1966)

H. EDWARD MICHL, as a Taxpayer of the County of Schenectady, Respondent, v. VANDERBOGERT SHANKLIN et al., Appellants.— Judgment affirmed, without costs. No opinion. Upon application of the intervenors, the dates set forth in section 18 of chapter 106 of the Laws of 1966, amending section 314 of the Election Law, are altered to the extent that June 14, 1966 shall be the last date for all steps, required to be taken prior to that date, for the primary of June 28, 1966, for the selection of candidates for the November 1966 General Election. (Reynolds v. Sims, 377 U. S. 533, 585.) Gibson, P. J., Herlihy, Reynolds, Taylor and Staley, JJ., concur.

(May 26, 1966)

GEORGE DENNIS, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41168.) — MEMORANDUM BY THE COURT. Cross appeals from a judgment of the Court of Claims for the appropriation of real property, determination of the appeals having been withheld and the case remitted for new or additional findings (24 A D 2d 924). By new findings, the Court of Claims has now, upon sufficient evidence, assigned to the improved portion of the tract, which is in closer proximity to Southern Boulevard, a value of $20,000 per acre and to the remaining portion a value of $10,000 per acre, based upon residential use but including an increment on account of the probability of an imminent change in zoning to commercial. Contrary to the State's contention, the court was warranted in finding that the permanent easement for purposes of a sewer line was in practical effect and for purposes of evaluating damage the equivalent of a fee taking. The trial court was justified, also, in awarding consequential damages (in excess of the benefits or enhancement in value created by the improvement) for the substantial loss of frontage on Southern Boulevard; but the record does not support an award of damages for the mere circuity of access attributable to deprivation of access to the paper streets; and the award of $19,190 for consequential damages must be reduced to $15,000. Judgment modified, on the law and the facts, so as to reduce the award to $73,330, with appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.